| | |
|---|---|
| 1 | FELIX WOO (State Bar No. 208107) |
|   | fwoo@sonnenschein.com |
| 2 | BONNIE LAU (State Bar No. 246188) |
|   | blau@sonnenschein.com |
| 3 | SONNENSCHEIN NATH & ROSENTHAL LLP |
|   | 601 South Figueroa Street, Suite 2500 |
| 4 | Los Angeles, California 90017-5704 |
|   | Telephone: (213) 623-9300 |
| 5 | Facsimile: (213) 623-9924 |

Attorneys for Plaintiff
BLIZZARD ENTERTAINMENT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., | Case No. 2:09-cv-7621-SVW-AJW |
| Plaintiff, | PLAINTIFF BLIZZARD ENTERTAINMENT, INC.'S |
| vs. | (1) NOTICE OF MOTION AND MOTION TO SET ASIDE ORDER DISMISSING ACTION |
| ALYSON REEVES, D/B/A SCAPEGAMING, and DOES 1 through 5 inclusive, | (2) SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |
| Defendants. | [Fed. R. Civ. P. 60(b)] |
|  | Date:    June 21, 2010 |
|  | Time:    1:30 p.m. |
|  | Place:   Courtroom 6 |
|  | Before:  Hon. Stephen V. Wilson |

# NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on June 21, 2010 at 1:30 p.m., in Courtroom 6 of the United States District Court, Central District of California, located at 312 N. Spring Street in Los Angeles, California, plaintiff Blizzard Entertainment, Inc. ("Blizzard"), will, and hereby does, move, the Court to set aside its May 12, 2010 Order Dismissing Action pursuant to Federal Rule of Civil Procedure 60(b).

Blizzard makes this motion on the grounds of mistake, inadvertence or excusable neglect because its counsel inadvertently miscalendared the deadline to file its motion for default judgment, is ready to file its motion for default judgment, and because setting aside the May 12 Order Dismissing Action will not cause any prejudice to Defendant.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Bonnie Lau, the pleadings and files in this action, and such evidence and argument as may be presented at the hearing of this motion.

Dated: May 14, 2010    SONNENSCHEIN NATH & ROSENTHAL LLP


By _____/s/ Bonnie Lau_____
     BONNIE LAU

Attorneys for Plaintiff
BLIZZARD ENTERTAINMENT, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a motion pursuant to Federal Rule of Civil Procedure 60(b) to set aside the Court's May 12, 2010 Order ("Order") dismissing this case for failure to file a motion for default judgment. Upon receipt of the Court's April 8 order, Counsel inadvertently calendared the due date of May 10, a Monday, for May 17, one week later, and therefore did not file Blizzard's motion for default judgment. Upon learning of this error on May 13, counsel immediately prepared this motion. Counsel brings this motion acknowledging fully and candidly that its error has put its client, Blizzard's, efforts to prosecute this action in jeopardy, and respectfully requests the Court not to punish Blizzard for counsel's error.

As background, this lawsuit was initiated by Blizzard, creator of some of world's most innovative and widely-played computer games, including its flagship product played by millions of users world-wide -- World of WarCraft® ("WoW"). Defendant Alyson Reeves d/b/a Scapegaming ("Defendant") proliferated software and operated a web server that unlawfully infringed upon Blizzard's WoW copyright registrations, circumvented its copyright protection technology, and interfered with players' contracts with Blizzard. Using a website called "scapegaming.com," Defendant actively marketed an unauthorized web server that enabled and encouraged players to play WoW on the scapegaming server instead of Blizzard's own authorized servers, thereby denying Blizzard subscription revenue for online play and diverting revenues to Defendant instead.

Although not necessarily evident from the Court's docket, Blizzard has been actively prosecuting this action since it was filed on October 20, 2009. First, Blizzard took extensive measures to locate and serve Defendant. *See* Declaration of Bonnie Lau ("Lau Decl."), ¶ 2. Unlike traditional "brick and mortar" or corporate defendants, today's Internet-based violators operate very much below the radar, in a shadowy netherworld populated by ever-changing pseudonyms, and

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

need only to log into the Internet from any remote location to commit their acts and access their ill-gotten funds. Defendant is just such a figure and has proven to be quite elusive. Blizzard originally turned to a private investigator/process service company to track her down and serve her on November 4, 2009 (reports listed her at different locations). *Id.* Since then, she has failed to respond or appear in this action, and has eluded or rejected all attempts by Blizzard to contact her to discuss informal resolution of this dispute. *Id.* at ¶¶ 3, 6.

Just as it has been difficult to locate Defendant, it has been just as challenging to track down and analyze the evidence to prove up Blizzard's claims. Defendant took its website, scapegaming.com, offline in or around October 2009. Lau Decl., ¶ 9. Blizzard had to use investigators to conduct historical web searches and gather piecemeal, scattered information from archived Internet sites. Because the information collected in this manner was sometimes inconsistent and not entirely reliable, Blizzard was unable to fully piece together the number of scapegaming users, the number of scapegaming transactions, and other relevant information to a level of certainty it desired to prove up its case. *Id.* at ¶ 10.

So, in early April, Blizzard resorted to subpoenaing scapegaming documents from Paypal, Inc., an Internet-based payment service. PayPal's initial production of documents on April 26, 2010 was incomplete, and necessitated further communications with its subpoena compliance department to locate and obtain all of the relevant scapegaming transactional records. Lau Decl., ¶ 11. Those documents, which required a great deal of analysis to segregate transactions related to this case, are the basis for Blizzard's financial damages, and thus, were an indispensable part of putting together Blizzard's motion for default judgment.

Further complicating matters, the two primary attorneys responsible for litigating this case left Sonnenschein Nath & Rosenthal LLP on March 1, 2010, and counsel who assumed day-to-day responsibility for this case was consequently required to spend time and effort familiarizing herself with the case, factual

-2-

Case No. 2:09-cv-7621-SVW-AJW

MOTION TO SET ASIDE
ORDER DISMISSING ACTION

investigation and prove up efforts and preparing the now-completed motion for default judgment. Lau Decl., ¶ 5.

In spite of these challenges, Blizzard is prepared to submit its completed motion for default judgment. The only part of the motion that is not ready at this very moment is the final approval and signature of the client's 90+ paragraph, detailed declaration supporting Blizzard's right to default judgment and damages. Lau Decl., ¶¶ 17-19. The declarant is, at this very moment, on an international flight, but will finalize and execute his declaration shortly. *Id.* at ¶ 18. Moreover, to demonstrate Blizzard's diligence to the Court, a current, yet-to-be finalized copy of the motion for default has been attached to Ms. Lau's declaration — subject only to minor modifications that may be made as a result of any changes to the client's supporting declaration. *See* Lau Decl., Exhibit A.

Given that there is absolutely no prejudice to Defendant, minimal delay in complying with the Court's order to file a motion for default judgment, and the fact that Blizzard has expended considerable time, effort and resources to get to this stage of the case, we urge the Court to grant this motion to set aside the May 12 Order and permit Blizzard to file its "ready-to-go" motion for default judgment forthwith.

## II. ARGUMENT

### A. The Court's Order Should Be Vacated On The Basis Of Mistake, Inadvertence And Excusable Neglect.

Rule 60(b)(1) permits courts to set aside judgments or orders for reasons of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *Pioneer Inv. Services Co. v. Brunswick Associates*, 507 U.S. 380, 393 (1993). "[S]ince Rule 60(b) is remedial in nature, it must be liberally applied. . . . [D]oubt, if any, should be resolved in favor of the motion to set aside the judgment." *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) ("where

-3-

there has been *no* merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute") (emphasis in original).  The Rule therefore grants a reprieve to out-of-time filings that were "caused by carelessness" or "attributable to negligence." *Pioneer Inv. Servs. Co.*, 507 U.S. at 388, 394.

In order to determine whether neglect is excusable, the Ninth Circuit conducts an equitable analysis of four factors:  "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (reversing district court's judgment dismissal of action with prejudice as abuse of discretion); *accord Pioneer Inv. Servs. Co.*, 507 U.S. at 395.  The factors are not exclusive, but "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).  Counsel respectfully requests the Court to set aside the Order based on these factors.

### 1. No Prejudice Will Result To Defendant Here.

To be prejudicial, setting aside a judgment must result in greater harm than delay in resolving this case.  The standard is whether a party's ability to pursue or defend its claim will be hindered.  *TCI Group Life Ins. Plan*, 244 F.3d at 701; *see also Thompson v. American Home Assurance,* 95 F.3d 429, 433-34 (6th Cir. 1996) (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").  Accordingly, "[t]here is no prejudice to [a party] where the setting aside of the [judgment] has done no harm to [the party] except to require it to prove its case." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000).

Here, setting aside the Order and permitting Blizzard to file its concurrently-attached "near-final" motion for default judgment (attached as Exhibit A to the Lau Declaration) will have no effect upon Defendant's ability to present a defense to Blizzard's claims. The short delay (less than one week as of the date of this motion) will not affect Defendant's ability to obtain evidence or conduct discovery; there is little to no risk that relevant documents would become inaccessible or that witnesses would disappear or their memories fade. The brief delay likewise would not affect Defendant's ability to litigate, defend or settle this action. Given Defendant's intransigence, and the fact that Blizzard has been required to seek relief by way of default judgment, one can reasonably argue that Defendant will suffer no prejudice whatsoever because the sole effect of setting aside the Order will be to restore the status quo. *See TCI Group Life Ins. Plan*, 244 F.3d at 701; *Lacy*, 227 F.3d at 293. Moreover, it will put the case back on track for resolution by default judgment.

### 2. The Brief Delay Will Not Impact The Proceedings.

The Court should also weigh the length of the delay and its potential impact on the proceedings. *Laurino,* 279 F.3d at 753 (five-week delay did not warrant dismissal of action); *Bateman*, 231 F.3d at 1223 (one-month delay did not warrant denial of Rule 60(b)(1) motion). Here, the delay is short: Blizzard learned of the Court's Order only yesterday, and immediately prepared the instant motion to set aside the Order and filed it today, one day later. Lau Decl., ¶ 15. The delay in filing Blizzard's motion for default judgment will likewise be extremely brief: the Court-imposed filing deadline was May 10, 2010, and Blizzard will file the motion (with the Court's permission) as soon as an order setting aside the dismissal is entered. *Id.* at ¶ 14. Critically, the motion for default judgment is essentially complete (as the Court can see from the copy attached to Ms. Lau's declaration, it was a significant undertaking on which Blizzard has spent considerable time and effort).

1    Counsel is mindful that the Court may be wary of these arguments in light
2    of the Court's prior prodding of activity in this case. We submit that we are fully
3    aware of the Court's expectations for this case and are committed to the
4    expeditious and efficient prosecution of this matter to judgment.

### 3.  Counsel's Calendaring Error Is Excusable Neglect.

6    With regard to the reason for delay, the Ninth Circuit has concluded that a
7    calendaring error due to carelessness of counsel constitutes excusable neglect.
8    *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004) ("even though the reason for
9    the delay was the carelessness of Andrews's counsel, that fact did not render the
10   neglect inexcusable"); *Marx v. Loral Corp.*, 87 F.3d 1049, 1054 (9th Cir. 1996)
11   (affirming an order granting an extension of time in a case involving an attorney's
12   calendaring error); *Bateman*, 231 F.3d at 1223 ("'excusable neglect' covers
13   negligence on the part of counsel").

14   In *Pincay v. Andrews*, a paralegal miscalculated the unambiguous deadline
15   to file a notice of appeal, and responsibility for the error fell on the attorney.
16   The Ninth Circuit affirmed excusal of Andrews's failure to timely file its notice of
17   appeal, observing that "*Pioneer* cautioned against 'erecting a rigid barrier against
18   late filings attributable in any degree to the movant's negligence.' There should
19   similarly be no rigid legal rule against late filings attributable to any particular
20   type of negligence." 389 F.3d at 860 (internal citation omitted). Similarly, in
21   *Marx v. Loral Corp.,* the Ninth Circuit affirmed excusal of plaintiffs' failure to file
22   a timely notice of appeal, following *Pioneer*'s definition of "excusable neglect,"
23   where defendants claimed "the late filing was solely attributable to the attorney's
24   calendaring miscalculation." *Marx,* 87 F.3d at 1054.

25   Here, likewise, we urge the Court to grant relief because counsel's failure to
26   properly enter the filing deadline into her calendar was attributable exclusively to
27   her negligence, mistake and inadvertence. Lau Decl., ¶ 14.

28

-6-
Case No. 2:09-cv-7621-SVW-AJW

MOTION TO SET ASIDE
ORDER DISMISSING ACTION

### 4. Blizzard And Its Counsel Did Not Act In Bad Faith.

Blizzard's neglectful failure to timely file its motion for default judgment was not motivated by bad faith or any intention to take advantage of the opposing party. Lau Decl., ¶ 16; *see also TCI Group Life Ins.* 244 F.3d at 697-98. Indeed, the delay in filing Blizzard's motion could not have resulted in any litigation advantage against Defendant, since Defendant has not answered, appeared or otherwise litigated this case whatsoever. Quite the contrary, Blizzard has been investigating the facts to support its claims and damages, seeking to resolve the case with Defendant, preparing the motion for default judgment, subpoenaing documents from third parties, and analyzing and compiling records and evidence supporting its claim and damages. Lau Decl., ¶ 17. Another Sonnenschein lawyer, Shane McGee, traveled cross-country to meet with client representative Greg Ashe (the declarant) on April 14, 2010, to review and revise the detailed 90+ paragraph declaration supporting Blizzard's motion for default judgment. *Id.* As noted above, Blizzard is currently prepared to submit its completed motion for default judgment, with the exception of final approval and signature of Mr. Ashe's declaration and any minor edits that may be made to conform the motion to Mr. Ashe's declaration. *Id.* at ¶ 18. Blizzard's error here "resulted from negligence and carelessness, not from deviousness or willfulness." *See Bateman*, 231 F.3d at 1225. Accordingly, this fourth factor also strongly weighs in favor of setting aside the Order.

### B. Injustice Will Result If This Case Is Dismissed.

Finally, an additional consideration here is "the likelihood of injustice" if relief is not granted. *Pincay,* 389 F.3d at 859. Counsel urges the Court not to punish Blizzard for the negligence of counsel. Dismissal of this case will only force Blizzard to re-file the case, with future attempts to serve Defendant hampered by her obvious knowledge of this suit and inevitable attempts to avoid service, as well as continued intransigence on her part. Lau Decl., ¶ 7. Blizzard

would likely have to serve her by publication or other time-consuming means, and the end result will likely be another default and motion for default judgment. *Id.* Counsel respectfully submits that the prejudice that would be caused by requiring a "re-do" is a greater punishment than is warranted by counsel's failure to file the motion for default by May 10, 2010.

Moreover, setting aside the Order and entering default judgment is warranted based on the merits of the case. Blizzard has compiled and painstakingly analyzed evidence that it is prepared to submit to the Court in its motion for default judgment. Lau Decl., ¶ 18. If Blizzard is barred from doing so because this case has been dismissed, it will be unable to achieve redress against a Defendant that has committed serious violations of federal and state laws, and has unfairly pocketed and diverted from Blizzard millions of dollars as a result of its wrongful conduct. Dismissal will only harm or delay Blizzard's right to prove up its claims and damages.

As the Ninth Circuit has observed in reversing an order of dismissal for lack of prosecution:

> Because dismissal is so harsh a penalty, it should be imposed only in extreme circumstances. Dismissals have been reversed when the district court failed to consider less severe penalties. Especially when a case is still young, "a district court must consider … less drastic alternative sanctions" before dismissing.

*Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981). This case has not been pending for an inordinate amount of time, counsel's calendaring error was an inadvertent mistake committed without any bad faith or improper intention, the filing delay has been short, and there will be no prejudice to Defendant if the Order is set aside. We submit that dismissal is simply too harsh a penalty here.

///

///

///

### III. CONCLUSION

Defendant's creation, promotion, and support of her scapegaming servers encouraged and enabled a significant community of players to infringe Blizzard's copyrights, breach their contracts, and conceal their harmful acts from Blizzard, all to the detriment of Blizzard's premier product and good name in one of the nation's largest media industries. Counsel's negligent error in calendaring the deadline to file Blizzard's motion for default judgment should not bar Blizzard from litigating the merits of this case and enjoining Defendant's unlawful conduct.

In seeking this relief, Blizzard aware of the Court's interest in hastening its cases to disposition. The orderly administration of justice requires that rules be followed and that orders be obeyed. The ultimate goal of justice, however, is justice itself. In this circumstance, relief is necessary to prevent Defendant from unjustly profiting and retaining millions of dollars at Blizzard's expense. Blizzard itself is thoroughly blameless here, and deserves its day in court. In view of this Court's strong preference for deciding cases on their merits, this Court should relieve Blizzard from the consequences of its counsel's mistake and inadvertence, and vacate its May 12, 2010 Order Dismissing Action.

Dated: May 14, 2010                    SONNENSCHEIN NATH & ROSENTHAL LLP


By       /s/ Bonnie Lau
          BONNIE LAU

Attorneys for Plaintiff
BLIZZARD ENTERTAINMENT, INC.

27344294