1   FELIX WOO (State Bar No. 208107)
    fwoo@sonnenschein.com
2   BONNIE LAU (State Bar No. 246188)
    blau@sonnenschein.com
3   SONNENSCHEIN NATH & ROSENTHAL LLP
    601 South Figueroa Street, Suite 2500
4   Los Angeles, California 90017-5704
    Telephone: (213) 623-9300
5   Facsimile: (213) 623-9924

6   Attorneys for Plaintiff
    BLIZZARD ENTERTAINMENT, INC.

7

8

9

10                  UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12

13   BLIZZARD ENTERTAINMENT,              Case No. 2:09-cv-7621-SVW-AJW
     INC.,
14                                        DECLARATION OF BONNIE LAU
                                          IN SUPPORT OF PLAINTIFF
15           Plaintiff,                   BLIZZARD ENTERTAINMENT,
                                          INC.'S SUPPLEMENTAL
16       vs.                              MEMORANDUM FOR ENTRY OF
                                          DEFAULT JUDGMENT
17   ALYSON REEVES, D/B/A
     SCAPEGAMING, and DOES 1
18   through 5 inclusive,

19           Defendants.

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## DECLARATION OF BONNIE LAU

1.    I am an attorney duly licensed to practice in the State of California and before the Federal District Court for the Central District of California.  I am an attorney at Sonnenschein Nath & Rosenthal LLP, counsel of record for plaintiff Blizzard Entertainment, Inc. ("Blizzard").  I have personal knowledge of the matters set forth in this declaration and if called as a witness, I could and would testify competently thereto.

2.    On or about April 13, 2010, I issued a subpoena duces tecum to PayPal Inc. ("PayPal") requesting production of documents relating to accounts associated with Defendant Alyson Reeves, d/b/a Scapegaming ("Defendant").  Attached as Exhibit A is a true and correct copy of the subpoena duces tecum and proof of service.

3.    On or about April 22, 2010, I received from Paypal a Declaration of Custodian of Records and a compact disc (CD) containing documents produced by Paypal in response to the subpoena duces tecum.  Attached as Exhibit B is a true and correct copy of the Paypal Declaration of Custodian of Records.  Attached as Exhibit C is a compact disc (CD) containing a true and correct copy of the entire original document production subpoenaed from PayPal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day of August 2010 at San Francisco, California.


_____/s/ Bonnie Lau_____
BONNIE LAU

# Exhibit A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Central District of California

| | |
|---|---|
| Blizzard Entertainment, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| Alyson Reeves, d/b/a Scapegaming | ) |
| *Defendant* | ) |

Civil Action No. 2:09-cv-7621-SVW-AJW

(If the action is pending in another district, state where:

)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
PayPal, Inc., c/o National Registered Agents, Inc., 2875 Michelle Drive, Suite 100, Irvine, CA 92606

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: ATTN: Bonnie Lau, Sonnenschein Nath & Rosenthal LLP, 525 Market St, 26ᵗʰ Floor, San Francisco, CA | Date and Time: April 26, 2010 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: April 13, 2010

*CLERK OF COURT*

OR _____

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*
Bonnie Lau

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Blizzard Entertainment, Inc. _____, who issues or requests this subpoena, are:

Bonnie Lau, Sonnenschein Nath & Rosenthal LLP, 525 Market St, 26th Floor, San Francisco, CA, (415) 882-5083

Exhibit A
Page 2


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



Exhibit A
Page 3



American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit _A_

Page _4_


American LegalNet, Inc.
www.FormsWorkFlow.com

## Attachment A

Any and all documents pertaining to any account that was at any time associated with or attached to the following email address: alysonn73@hotmail.com.

Any and all documents pertaining to accounts registered to or associated with Alyson Reeves.

Any and all documents pertaining to any account that was at any time associated with or attached to any email address at the scapegaming.com domain name.

Any and all documents pertaining to accounts used to collect payments on the domain scapegaming.com.

The documents should include, but are not limited to, the following:

1.      All subscriber information related to the account(s), including but not be limited to: name, address, phone number, billing information, and email addresses of the owner(s) of the account(s) in question, including any subscriber information that may have been previously associated with the account(s);

2.      Account creation and modification dates for the account(s) in question;

3.      All Internet Protocol addresses used to access the account(s) in question, if available;

4.      All transactional records for the account(s) from the date of inception to the response date, including but not limited to financial transactions which resulted in the movement of funds into or out of said accounts; and

5.      Information on all linked checking or credit card accounts that are now or have ever been associated with the account(s).

Exhibit _A_

Page _5_

| Attorney or Party without Attorney:<br>BONNIE LAU<br>SONNENSCHEIN NATH & ROSENTHAL LLP<br>525 MARKET STREET<br>26th FLOOR<br>SAN FRANCISCO, CA 94105<br>Telephone No: 415-882-5000      FAX No: 415-882-0300 | For Court Use Only |
|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.:<br>60019440-0015 |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| United States District Court, Central District Of California |

Plaintiff: BLIZZARD ENTERTAINMENT, INC.

Defendant: ALYSON REEVES, d/b/a SCAPEGAMING

| PROOF OF SERVICE | Hearing Date:<br>Mon, Apr. 26, 2010 | Time:<br>10:00AM | Dept/Div: | Case Number:<br>2:09-CV-7621-SVW-AJW |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION.

3. *a. Party served:*  PAYPAL, INC., c/o NATIONAL REGISTERED AGENTS, INC.
   *b. Person served:*  NICOLE PARNELL, AUTHORIZED TO ACCEPT

4. *Address where the party was served:*  2875 MICHELLE DRIVE
   SUITE 100
   IRVINE, CA 92606

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Apr. 14, 2010 (2) at: 11:17AM
   *b. I received this subpena for service on:*  Tuesday, April 13, 2010

6. *Witness fees were not demanded or paid.*

7. *Person Who Served Papers:*                                      Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. THOMAS CHOAT                              d.  *The Fee for Service was:*

   **First Legal**                                 e.  I am: Not a Registered California Process Server
   301 Civic Center Drive West
   Santa Ana, CA 92701
   Telephone    (714) 541-1110
   Fax          (714) 541-8182
   www.firstlegalnetwork.com

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*

   Date:Thu, Apr. 15, 2010

| Judicial Council Form<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE | *Thomas J Choat*<br>(THOMAS CHOAT)<br>6367653.sonnasf.283115 |
|---|---|---|

Exhibit A

Page 6

# Exhibit B

# DECLARATION OF
## CUSTODIAN OF RECORDS
## OF PAYPAL INC.

**RE: Alyson Reeves**

"I,      Jennifer Murray,       certify and declare that:

(i.) I am over the age of 18 years and not a party to this action.

(ii.) My business address is 7700 Eastport Parkway, La Vista, NE 68128.

(iii.) I am employed by PayPal, Inc., in the position of Legal Support Specialist.

(iv.) I am duly authorized as custodian of the enclosed business records. The records were prepared by PayPal personnel in the ordinary course of their duties at or near the time of the events recorded, and have been kept in the ordinary course of PayPal's business.

(v.) A Subpoena has been served upon PayPal for production of said business records.

(vi.) I have delivered the foregoing records to the Subpoenaing party or the attorney for the Subpoenaing representative. "

I declare under the penalty of perjury under the laws of the State of (California/Nebraska) that the forgoing is true and correct.

_____4/19/2010_____
**Date**

_____
**Jennifer Murray**
**Legal Support Specialist**

Exhibit _B_
Page _7_

# Exhibit C

## **PayPal Document Production**

The contents of this Exhibit are voluminous.

The materials on the Compact Disc referenced in this

Exhibit have been delivered to the Court via Messenger

Exhibit _C_

Page _8_

30351152